IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

Vanessa Richardson

*(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

-against-

DITECH FINANCIAL, LLC
LOANCARE, LLC
"see attached"

*(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

**Complaint for a Civil Case**

Case No. 2:25-cv-7922-RMG-MGB
*(to be filled in by the Clerk's Office)*

Jury Trial:     ☐ Yes     ☒ No
          *(check one)*

2025 JUL 21  AM 8: 52

# IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA
Charleston Division

| | | |
|---|---|---|
| VANESSA RICHARDSON, | ) | |
|    Plaintiff, | ) | |
| | ) | |
| | ) | |
| | ) | |
| v. | ) | Civil Action No. 2:25-CV-7922-RMG-MGB |
| | ) | |
| DITECH FINANCIAL, LLC; | ) | |
| LOANCARE, LLC; | ) | |
| THOMAS F. MARANO; | ) | |
| DAVE WORRALL; | ) | |
| MIKELL SCARBOROUGH, in his official capacity; | ) | |
| BENTLEY PRICE, individually and in his former | ) | |
| capacity as a Circuit Court Judge; | ) | |
|    Defendants. | ) | |
| | ) | |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES PURSUANT TO 42 U.S.C. § 1983, TILA, RESPA, AND EQUITABLE PRINCIPLES

Plaintiff, Vanessa Richardson, files this Complaint and respectfully alleges as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction under 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1343(a)(3) (civil rights), and 15 U.S.C. § 1640 (TILA).
2. Venue is proper pursuant to 28 U.S.C. § 1391(b) as the events occurred in the District of South Carolina.

## PARTIES

3. Plaintiff Vanessa Richardson is a legally disabled woman and citizen of South Carolina.

4. Defendant Ditech Financial, LLC is a mortgage servicing company.

5. Defendant LoanCare, LLC is a loan servicer and successor in interest.

6. Defendants Thomas F. Marano and Dave Worrall are executives of Ditech.

7. Defendant Mikell Scarborough is the Master in Equity for Charleston County.

8. Defendant Bentley Price is named individually and in his former capacity as a South Carolina Circuit Court Judge.

9. Plaintiff's loan was originally issued by Countrywide Home Loans, which was subsequently acquired by Bank of America. Servicing rights and obligations were later assigned to Ditech Financial and/or LoanCare, LLC, both of which bear successor liability for any fraud or nondisclosure related to the original loan.

## FACTUAL ALLEGATIONS

10. Plaintiff obtained a mortgage loan from Countrywide Home Loans in 2003.

11. Countrywide was subsequently acquired by Bank of America. Servicing rights and obligations were later assigned to Ditech Financial and/or LoanCare, LLC.

12. Countrywide was investigated by the FTC and State Attorneys General for predatory lending practices. Plaintiff received no notification or opportunity to participate in settlement relief efforts.

13. Defendant Thomas F. Marano, as an executive at Ditech, was responsible for oversight of mortgage servicing policies, including implementation of compliance with federal laws. Under his leadership, Ditech continued Countrywide's pattern of mishandling loans such as Plaintiff's.

14. Defendant Dave Worrall, as an executive at Ditech, directly managed operational compliance. He failed to ensure proper handling of Plaintiff's modification and discovery requests, thereby contributing to TILA and RESPA violations.

15. Defendant Mikell Scarborough, as Master in Equity, conducted a foreclosure proceeding without notice to Plaintiff, and without due inquiry into her capacity or the circumstances. At the May 9, 2018 hearing, he was made aware of her medical condition and brain trauma but disregarded the medical evidence, violating Plaintiff's right to be heard.

16. Defendant Bentley Price, while acting as a Circuit Court Judge, dismissed Plaintiff's equitable claims despite being informed of her disability and the lack of due process in the prior proceedings. His dismissal ignored binding legal protections and contributed to the continuing deprivation of her home and rights.

## TIMELINESS OF CLAIMS

Plaintiff's claims, including those under 42 U.S.C. § 1983, TILA, and RESPA, are timely due to the following legal doctrines and factual circumstances:

1. Legal Disability – S.C. Code § 15-3-40:
Plaintiff suffers from documented cognitive impairment due to chronic brain trauma and lupus, confirmed via medical records and MRI scans dated January 2018. As such, she was legally incapacitated and unable to respond to legal proceedings. The statute of limitations was tolled during her period of incapacity.

2. Equitable Tolling:
Defendants, including Ditech and LoanCare, concealed critical loan information and failed to respond to requests for modification and discovery. Plaintiff could not have reasonably discovered the basis for her legal claims earlier due to fraudulent concealment and her disability.

3. Continuing Violation Doctrine:
The foreclosure and dispossession of Plaintiff's home, as well as the denial of her equitable and legal defenses, constitute a continuing violation of her civil rights. The ongoing harm justifies suspension of the limitations period.

4. Discovery Rule:
Plaintiff did not discover the foreclosure judgment until January 2018, when she physically observed related documents. Accordingly, any limitations period began no earlier than this point.

Plaintiff acknowledges the principles of judicial and qualified immunity but does not seek monetary relief for actions taken by judicial officers in their official adjudicatory capacities within the scope of lawful jurisdiction. Instead, Plaintiff challenges actions that were administrative, extrajudicial, or taken in clear absence of jurisdiction, including the denial of meaningful access to relief, procedural irregularities, and continuing harm. Additionally, any claims involving former Judge Bentley Price are made in his personal capacity, as he is no longer acting in a judicial role. The relief sought includes declaratory, injunctive, and equitable remedies not barred by judicial immunity doctrines.

## CLAIMS FOR RELIEF

COUNT I: VIOLATION OF DUE PROCESS – 42 U.S.C. § 1983
COUNT II: VIOLATION OF EQUAL PROTECTION – 42 U.S.C. § 1983
COUNT III: EQUITABLE RELIEF BASED ON PRINCIPLES OF EXCLUSIVE EQUITY
COUNT IV: DECLARATORY AND INJUNCTIVE RELIEF
COUNT V: VIOLATION OF TILA – 15 U.S.C. § 1601 et seq.

Plaintiff alleges that Countrywide, and its successors, failed to provide clear and timely disclosures of loan terms, including variable rates, fees, and her rights under federal law, violating the Truth in Lending Act.

COUNT VI: VIOLATION OF RESPA – 12 U.S.C. § 2601 et seq.

Plaintiff alleges that the servicing and modification requests made by her and her representatives were mishandled, ignored, or fraudulently concealed, in violation of the Real Estate Settlement Procedures Act.

COUNT VII: CONSTRUCTIVE TRUST AND EQUITABLE TITLE

1. Plaintiff alleges that the subject property, secured under a mortgage originating in 2003 with Countrywide Home Loans, was unlawfully foreclosed and transferred through a process that violated her due process rights and her equitable interests.

2. The loan servicing entities and foreclosure actors, including Ditech Financial, LoanCare, and individuals named herein, knowingly concealed material facts, failed to provide proper notice, and disregarded Plaintiff's medical and cognitive condition at the time of judgment.

3. Through these actions, the named Defendants obtained or facilitated the transfer of legal title by improper means, including fraud, nondisclosure, abuse of process, and inequitable conduct.

4. Plaintiff held an equitable interest in the property by virtue of her long-standing occupancy, tender of payments, medical hardship, and continued efforts to assert legal and equitable defenses to foreclosure.

5. Where legal title is obtained or transferred through unconscionable conduct or unjust enrichment, equity imposes a constructive trust in favor of the injured party.

6. Plaintiff therefore requests that this Court declare a constructive trust over the subject property, or over proceeds from any sale, and vest equitable title in her or grant restitution for its unjust deprivation.

7. In the alternative, Plaintiff seeks the imposition of a resulting trust or equitable lien to reflect her true beneficial interest in the property and to prevent unjust enrichment by any party that profited from its wrongful foreclosure.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

A. Enjoin any further foreclosure, eviction, or enforcement efforts with respect to the subject property;

B. Declare that the foreclosure sale was unlawful and that Plaintiff holds an equitable or constructive interest in the proceeds thereof, currently subject to subrogation and assignment claims duly submitted to the U.S. Department of the Treasury;

C. Award compensatory damages in the amount of $350,000 for physical and emotional hardship, trauma, displacement, and long-term medical consequences;

D. Award statutory damages under TILA and RESPA, including $4,000 per violation of 15 U.S.C. § 1640(a)(2)(A) and additional amounts under 12 U.S.C. § 2605(f), totaling no less than $25,000;

E. Award equitable relief in the form of a constructive trust or resulting trust over the foreclosed property or its sale proceeds;

F. Award attorney's fees and costs pursuant to 42 U.S.C. § 1988 and applicable statutory provisions;

G. Grant such other and further relief as the Court deems just and proper including total monetary damages and equitable restitution in an amount estimated to exceed $535,000.

As a direct result of the unlawful foreclosure and dispossession, Plaintiff Vanessa Richardson, a physically and mentally disabled woman, has suffered profound hardship. I require hip replacement surgery and now must reside at my daughter's apartment, where my only available bedroom is located upstairs. My mobility has further declined, and I am now reliant on a walker. Since being forced from my home, I have been found unconscious on two occasions and hospitalized 4 times due to worsening medical conditions. I lost all of my personal and household belongings, including furniture, clothing, and sentimental items, after being unable to afford storage fees. This forced relocation has been traumatic and has severely impacted my physical and emotional well-being. Notably, I was unable to attend my daughter's wedding due to declining health stemming from this upheaval. The foreclosure sale occurred for approximately $159,247.65, which Plaintiff alleges was unjustly retained by the Defendants. In addition, Plaintiff seeks restitution for the replacement value of a modest household's furnishings and personal effects, and damages for the suffering and loss of dignity caused by this ordeal. Plaintiff further alleges multiple violations of TILA and RESPA, entitling her to statutory damages including but not limited to $4,000 per violation under 15 U.S.C. § 1640(a)(2)(A), and additional remedies under 12 U.S.C. § 2605(f), the total of which will be determined at trial but is estimated to exceed $25,000. Based on the above, Plaintiff respectfully seeks $350,000 in compensatory damages for physical and emotional hardship, trauma, displacement, and long-term medical consequences arising from the unlawful foreclosure and dispossession.

## THE AMOUNT IN CONTROVERSY:

The amount in controversy exceeds $75,000 because Plaintiff seeks equitable restitution of approximately $159,247.65 in foreclosure proceeds, statutory damages under TILA and RESPA exceeding $25,000, and compensatory damages of $350,000 for emotional distress, physical hardship, and loss of personal property arising from the unlawful foreclosure and dispossession of her home.

**THE PARTIES TO THIS COMPLAINT:**

**A. PLAINTIFF**

      Vanessa Richardson
      c/o PO Box 22591
      Charleston, South Carolina [29413]

**B. DEFENDANTS**

1. **Ditech Financial, LLC**     **INCORPORATED IN:** Delaware
   3000 Bayport Drive            **PRINCIPAL PLACE OF BUSINESS:** Texas
   Tampa, FL 33607

2. **LoanCare, LLC**           **INCORPORATED IN:** Virginia
   3637 Sentara Way          **PRINCIPAL PLACE OF BUSINESS:** Virginia
   Virginia Beach, VA 23452

3. **Thomas F. Marano** (Ditech Executive)
   [Marano's personal address is unknown]
   3000 Bayport Drive
   Tampa, FL 33607

4. **Dave Worrall** (Ditech Executive)
   [Worrall's personal address is unknown]
   3000 Bayport Drive
   Tampa, FL 33607

5. **Mikell Scarborough** (Master in Equity)
   Master-in-Equity's Office
   100 Broad Street, Suite 266
   Charleston, SC 29401

6. **\*\*Bentley D. Price, Esq.\*\*** (Attorney)
   Bentley Price Law Firm
   78 Ashley Point Dr., Ste. 103
   Charleston, SC 29407

**Certification and Closing**

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

Respectfully submitted,

Vanessa Richardson, all rights reserved
c/o PO Box 22591
Charleston, South Carolina [29413]

Date: July 18th, 2025