18UNITED STATES DISTRICT COURT
**DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | | |
|---|---|---|
| Vanessa Richardson, | ) | Case No. 2:25-cv-07922-RMG-MGB |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Ditech Financial, LLC; LoanCare, LLC; | ) | |
| Thomas F. Marano; Dave Worrall; | ) | |
| Mikell Scarborough; and Bentley Price, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Vanessa Richardson ("Plaintiff" or "Richardson"), proceeding *pro se* and *in forma pauperis*, brings this civil action challenging the foreclosure of her home pursuant to the Truth in Lending Act ("TILA"); the Real Estate Settlement Procedures Act ("RESPA"); and 42 U.S.C. § 1983. (Dkt. No. 1.) Under 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2) (D.S.C.), the undersigned is authorized to review all pretrial matters in this case and submit findings and recommendations to the assigned United States District Judge. For the reasons discussed below, the undersigned recommends that this action be summarily dismissed without leave to amend.

**<u>BACKGROUND</u>**

This is the latest lawsuit in a lengthy foreclosure dispute that began when Richardson defaulted on her mortgage in July 2016. By way of background, state records indicate that Richardson executed a promissory note for $87,400 with interest at 5.875% per annum in favor of Countrywide Home Loans, Inc. ("Countrywide") on or around August 14, 2003 (the "Note").[1]

---

[1]     The undersigned takes judicial notice of the records filed in Richardson's underlying state foreclosure proceedings to establish the necessary background in this case. *See* Summons & Complaint, *Ditech Financial, LLC v. Richardson,* https://www.sccourts.org/case-records-search/ (limiting search to Charleston County, Case No. "2017CP1004109") (last visited Dec. 9, 2025); *see also Aloe Creme Labs., Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970) (explaining that a federal court may take judicial notice of the contents of its own records, as well as those records of other courts); *Tisdale v. South Carolina Highway Patrol*, No. 0:09-cv-1009-HFF-PJG, 2009 WL

(Dkt. No. 1 at 3.) To secure repayment of the Note, Richardson entered into a Mortgage (the "Mortgage") covering certain real property located at 1143 Hamlin Road, Mount Pleasant, South Carolina, 29466 (the "Property").[2] By virtue of an assignment dated September 20, 2010, the Mortgage was then assigned to BAC Home Loans Servicing LP FKA Countrywide Home Loans Servicing LP, which later merged with Bank of America, N.A. ("Bank of America"). On June 17, 2013, Bank of America assigned the Mortgage to Green Tree Servicing, LLC ("Green Tree Servicing"); Richardson then entered into a loan modification agreement with Green Tree Servicing on February 6, 2014, whereby the principal balance was modified to $117,463.98. Thereafter, Green Tree Servicing merged with Ditech Financial, LLC ("Ditech").[3]

## I.     State Foreclosure Proceedings

On August 11, 2017, Ditech initiated a foreclosure action in the Charleston County Court of Common Pleas, alleging that the monthly payments due on the Note and Mortgage were in default since July 1, 2016, and seeking repayment of the entire remaining balance.[4] On September 14, 2017, the state court received an answer from an "unknown party"—likely Richardson, although the signature is unclear— essentially denying responsibility on the grounds that "there has not been a proven debt," and Ditech representatives apparently failed to respond to certain "discovery" requests.[5] Following a hearing on December 12, 2017, which Richardson did not attend, Master in Equity for Charleston County Mikell R. Scarborough ("Judge Scarborough") issued an Order and Judgment of Foreclosure and Sale on December 29, 2017.[6]

---

1491409, at *1 n.1 (D.S.C. May 27, 2009), *aff'd,* 347 F. App'x 965 (4th Cir. Aug. 27, 2009) (noting that the court may take judicial notice of factual information located on government websites).

[2]     *See* Summons & Complaint, *Ditech Financial, LLC v. Richardson,* Case No. 2017-CP-10-4109.

[3]     *See* Summons & Complaint, *Ditech Financial, LLC v. Richardson,* Case No. 2017-CP-10-4109.

[4]     *See* Summons & Complaint, *Ditech Financial, LLC v. Richardson,* Case No. 2017-CP-10-4109.

[5]     *See* Answer of Unknown Party, *Ditech Financial, LLC v. Richardson,* Case No. 2017-CP-10-4109.

[6]     *See* Master's Order Of Judg of Foreclosure & Sale, *Ditech Financial, LLC v. Richardson,* Case No. 2017-CP-10-4109.

On or around February 1, 2018, Richardson filed a Motion to Compel Discovery, asserting that she had served discovery requests on Ditech's counsel on July 31, 2017, but did not receive a response, such that she was unable to "prepare a proper defense" to the foreclosure.[7] A hearing was then held on May 9, 2018, wherein Judge Scarborough denied Richardson's motion on the basis that she had failed to properly answer Ditech's complaint, did not attend the final hearing despite receiving notice thereof, and failed to serve her discovery requests "at the proper time during the pendency of this action."[8] Nevertheless, because Richardson expressed a desire "to save the subject property," Judge Scarborough directed Ditech to mail Richardson a loss mitigation application and afforded Richardson thirty days to "pursue loss mitigation" before the court placed the Property on the judicial sale roster.[9]

On June 18, 2018, Richardson filed a Motion to Set Aside Order and Judgment of Foreclosure and Sale pursuant to Rule 60(b)(4) of the South Carolina Rules of Civil Procedure, alleging that she did not receive proper notice of the foreclosure action in violation of her due process rights.[10] Richardson further noted that Judge Scarborough did not "commit due care to the medical records [she] produced" during the hearing regarding her Motion to Compel; Richardson stated that she "suffer[ed] from mild traumatic brain injury . . . which affects her thinking rationally and memory[,] having her at a clear disadvantage."[11] Judge Scarborough denied Richardson's motion on July 2, 2018, first noting that despite affording her an opportunity to engage in the loss mitigation process, Richardson "failed or otherwise refused to return the loss

---

[7]     *See* Motion to Compel Discovery, *Ditech Financial, LLC v. Richardson,* Case No. 2017-CP-10-4109.
[8]     *See* Order Denying Defnt Vanessa Richardson's Motion to Compel, *Ditech Financial, LLC v. Richardson,* Case No. 2017-CP-10-4109.
[9]     *See* Order Denying Defnt Vanessa Richardson's Motion to Compel, *Ditech Financial, LLC v. Richardson,* Case No. 2017-CP-10-4109.
[10]    *See* Motion/Void Order by Defendant, *Ditech Financial, LLC v. Richardson,* Case No. 2017-CP-10-4109.
[11]    *See* Motion/Void Order by Defendant, *Ditech Financial, LLC v. Richardson,* Case No. 2017-CP-10-4109.

mitigant application."[12] With respect to service of process, Judge Scarborough found that Richardson was "served at the property address with copies of the Summons, Complaint, and Notice of Foreclosure Intervention" on August 12, 2017.[13] Indeed, the Affidavit of Service executed by the process server contained a "description of [Richardson]."[14] To the extent Richardson was attempting to allege that her apparent medical condition affected her "cognitive ability" and "capacity to accept service," Judge Scarborough held, "[a]fter a thorough review, [that] the medical records failed to describe any diminished capacity which would support such allegations."[15] Moreover, Richardson had "filed several artful motions and pleadings *pro se* which contradict[ed] any claims of diminished capacity and clearly indicate[d] that [Richardson] had reasonable notice of the pendency of this action."[16]

State records indicate that on March 24, 2020, the Mortgage was assigned to LoanCare, LLC ("LoanCare").[17] On October 13, 2021, Richardson filed a "Complaint for Void or Voidable Contract," alleging that Ditech had "used financial coercion and breached the contract by failing to properly disclose and inform [her] of all stipulations" of the Mortgage agreement.[18] Richardson stated that she "was under extreme pressure [and] had no understanding of contracts," and "was not given a comprehensive explanation of details involved with the alleged contract."[19] Richardson

---

[12]     *See* Order Denying Vanessa Richardson's Motion to Set Aside Order, *Ditech Financial, LLC v. Richardson,* Case No. 2017-CP-10-4109.
[13]     *See* Order Denying Vanessa Richardson's Motion to Set Aside Order, *Ditech Financial, LLC v. Richardson,* Case No. 2017-CP-10-4109.
[14]     *See* Order Denying Vanessa Richardson's Motion to Set Aside Order, *Ditech Financial, LLC v. Richardson,* Case No. 2017-CP-10-4109.
[15]     *See* Order Denying Vanessa Richardson's Motion to Set Aside Order, *Ditech Financial, LLC v. Richardson,* Case No. 2017-CP-10-4109.
[16]     *See* Order Denying Vanessa Richardson's Motion to Set Aside Order, *Ditech Financial, LLC v. Richardson,* Case No. 2017-CP-10-4109.
[17]     *See* Order/Substitution of Parties for Plaintiff, *Ditech Financial, LLC v. Richardson,* Case No. 2017-CP-10-4109.
[18]     *See* Complaint of Void or Voidable Contract, *Ditech Financial, LLC v. Richardson,* Case No. 2017-CP-10-4109.
[19]     *See* Complaint of Void or Voidable Contract, *Ditech Financial, LLC v. Richardson,* Case No. 2017-CP-10-4109.

referenced violations of the Truth in Lending Act, the Real Estate Settlement Procedures Act, and various constitutional violations, including equal protection and due process.[20] Richardson subsequently filed a Motion for Injunctive Relief alleging that the foreclosure of her home violated her due process rights, arguing that she had every intention of "put[ting] up a defense against the complaint," but "was not aware that she had mail from the court" until after the judgement was issued on December 29, 2017.[21]

On November 15, 2021, the state court entered a Supplemental Order to the Master's Order and Judgment of Foreclosure and Sale to reflect adjustments in the debt figures since the initial judgement was issued.[22] On November 18, 2021, Richardson filed a separate action before the Charleston County Court of Common Pleas against Ditech and LoanCare, essentially refiling her "Complaint for Void or Voidable Contract" from the foreclosure proceedings.[23] Ditech and LoanCare filed a Motion to Dismiss on December 21, 2021, pursuant to the doctrines of *res judicata* and collateral estoppel, and the motion was ultimately granted by Circuit Court Judge Bentley D. Price.[24]

The Property was sold at public auction on March 1, 2022. That same day, Richardson filed a Chapter 13 petition in the United States Bankruptcy Court for the District of South Carolina.[25] The Charleston County Court of Common Pleas therefore ordered "that the foreclosure sale of the subject property was void and of no force and effect due to the filing of the bankruptcy petition."[26]

---

[20]    *See* Complaint of Void or Voidable Contract, *Ditech Financial, LLC v. Richardson,* Case No. 2017-CP-10-4109.

[21]    *See* Motion/Injunctive Relief, *Ditech Financial, LLC v. Richardson,* Case No. 2017-CP-10-4109

[22]    *See* Supplemental Order to Master's Order/Judgment of Foreclosure, *Ditech Financial, LLC v. Richardson,* Case No. 2017-CP-08-4109.

[23]    *See* Summons & Complaint, *Richardson v. Ditech Financial, LLC*, https://www.sccourts.org/case-records-search/ (limiting search to Charleston County, Case No. "2021CP1005261") (last visited Dec. 9, 2025).

[24]    *See* Memo in Support of Motion to Dismiss and Order/Motion to Dismiss is Granted, *Richardson v. Ditech Financial, LLC,* Case No. 2021-CP-10-5261.

[25]    *See In re Richardson*, Case No. 22-bk-542-eg (Bankr. D.S.C. 2022).

[26]    *See* Order Vacating Sale, *Ditech Financial, LLC v. Richardson,* Case No. 2017-CP-10-4109.

The foreclosure action was struck from the state court's roster of active cases with leave to restore once the stay of the Bankruptcy Court was lifted.[27]

Richardson's bankruptcy proceedings were dismissed on August 25, 2022, with the Bankruptcy Court noting that this was "the fourth Chapter 13 bankruptcy case filed by or on behalf of [Richardson] in less than four years," and that she had "filed these cases primarily to stall the attempts of Creditor LoanCare, LLC and its predecessors in interest to foreclose on the [Property]."[28] The foreclosure action was then restored to the Charleston County Court of Common Pleas' active roster, and the Property was sold at public auction to the highest bidder on September 6, 2022.[29] Judge Scarborough issued a Report on Sale and Order Confirming Sale and Disbursement on October 17, 2022, effectively ending the foreclosure proceedings.[30] Richardson filed an appeal with the South Carolina Court of Appeals on November 15, 2022, which was dismissed for failure to pay the filing fee, establish proof of service, and provide a signed notice of appeal.[31] LoanCare eventually assigned the bid and the resulting deficiency judgment to Federal National Mortgage Association ("Fannie Mae") on January 26, 2023.[32]

Following the sale of the Property, Richardson filed a series of somewhat nonsensical documents in the state foreclosure proceedings, including an Affidavit of Fact, Notice of Schedule of Equity Interest; Certificate of Acknowledgement of Deed; Motion of Right to Jury Trial Before Ejectment; and an Amended Lis Pendens, among other things.[33] Fannie Mae filed a Motion to

---

[27]    *See* Order/Strike Case From Active Roster, *Ditech Financial, LLC v. Richardson,* Case No. 2017-CP-10-4109.

[28]    *See In re Richardson*, Case No. 22-bk-542-eg (Dkt. No. 102 at 1).

[29]    *See* Master/Order On Sale Of Real Estate, *Ditech Financial, LLC v. Richardson,* Case No. 2017-CP-10-4109.

[30]    *See* Master/Order on Sale of Real Estate, *Ditech Financial, LLC v. Richardson,* Case No. 2017-CP-10-4109.

[31]    *See* Dispositional Decision - Order, *LoanCare, LLC v. Richardson,* https://www.sccourts.org/c-track-public-access/ (limiting search to App. Case No. 2022-001676) (last visited Dec. 9, 2025).

[32]    *See* Assignment of Bid & Deficiency Judgment, *Ditech Financial, LLC v. Richardson,* Case No. 2017-CP-10-4109.

[33]    *See* Affidavit of Fact Notice of Schedule of Equity Interest; Certificate of Acknowledgment of Deed; Motion of Right to Jury Trial Before Ejectment; and Amended Lis Pendens, *Ditech Financial, LLC v. Richardson,* Case No. 2017-CP-10-4109.

Strike, stating that Richardson's documents "espouse[d] the nonsensical 'Sovereign Citizen' doctrine that [she] is . . . independent from and not subject to the laws of the United States of America," and were "not filed in good faith and filed solely for the purpose of delay."[34] Fannie Mae further asserted that the matter had been "fully adjudicated and the above referenced filings further violate[d] the doctrine of *Res Judicata.*"[35] The state court granted the motion shortly thereafter:

> Upon good cause shown, this Court GRANTS [Fannie Mae's] Rule 12 (f), SCRCP Motion to Strike [Richardson's] eight (8) documents all filed post-foreclosure sale, including the [ ] Motion for a Jury Trial filed six years after filing of the action, as the Court finds the requests to be untimely, without merit, and the filings submitted constitute nonsensical "Sovereign Citizen" documents.[36]

Notwithstanding this holding, Richardson has continued to file various documents in the state foreclosure action, although the filings remain largely unanswered.

## II.    Federal Proceedings

In addition to these state court proceedings, Richardson has filed a series of federal actions challenging the foreclosure and sale of the Property. Beginning in February 2018, Richardson filed an action with this Court against Ditech alleging violations of her constitutional rights, including due process, based on the company's purported refusal to respond to her discovery requests during the state foreclosure proceedings.[37] She also alleged that Judge Scarborough "ordered the fraudulent sale of [her] property violating [her] civil liberties without a proper investigation as to who owns both the alleged Note and Mortgage."[38] The case was ultimately dismissed on April 9, 2018, for failure to prosecute in violation of Rule 41 of the Federal Rules of Civil Procedure.[39]

---

[34]    *See* Motion to Strike, *Ditech Financial, LLC v. Richardson,* Case No. 2017-CP-08-4109.
[35]    *See* Motion to Strike, *Ditech Financial, LLC v. Richardson,* Case No. 2017-CP-08-4109.
[36]    *See* Order Grants Motion to Strike Defnt 8 Documents, *Ditech Financial, LLC v. Richardson,* Case No. 2017-CP-08-4109.
[37]    *See Richardson El v. Anderson*, Case No. 2:18-cv-486-PMD (D.S.C. April 9, 2018) (Dkt. No. 1-3 at 1).
[38]    *See Richardson El v. Anderson*, Case No. 2:18-cv-486-PMD (D.S.C. April 9, 2018) (Dkt. No. 1-3 at 1).
[39]    *See Richardson El v. Anderson*, Case No. 2:18-cv-486-PMD (D.S.C. April 9, 2018) (Dkt. No. 13).

On September 2, 2022, Richardson filed a federal action against Judge Scarborough, LoanCare, Ditech, and various individuals, alleging that they "attempted to take advantage of [her] documented medical disability as a means to . . . steal her private property through coercion and fraud."[40] Notably, Richardson did not sign the Complaint or any of the other requisite filings; rather, the pleading was apparently executed by Bakha Yawuti El ("Mr. El") in his capacity as Richardson's "attorney-in-fact" pursuant to the terms of a "Durable Financial Power of Attorney" ("POA").[41] Because a non-attorney may not represent a lay person in federal district court—and Mr. El was not an attorney or licensed to practice law in South Carolina—the case was summarily dismissed after affording Richardson an opportunity to sign her filings.[42]

On July 5, 2023, Richardson filed yet another federal action against Judge Scarborough and various individuals.[43] Although Richardson repeatedly referenced copyright infringement, the Court found that the true crux of the complaint was the "judgment made against [Richardson's] estate" by the Charleston County Court of Common Pleas and the purported "theft of her property"—claims that typically sound in state property law.[44] To that end, the Court dismissed the case, in part, for lack of subject matter jurisdiction.[45] The Court further noted, however, that Richardson's claims were also precluded under the *Rooker-Feldman* doctrine, as the complaint asked the Court to enjoin any further foreclosure proceedings against the Property, which it could not do.[46]

---

[40]     *See Richardson El v. Hutchens Law Firm*, Case No. 2:22-cv-2964-RMG (D.S.C. May 1, 2023) (Dkt. No. 1 at 11).

[41]     *See Richardson El v. Hutchens Law Firm*, Case No. 2:22-cv-2964-RMG (D.S.C. May 1, 2023) (Dkt. No. 1-3).

[42]     *See Richardson El v. Hutchens Law Firm*, Case No. 2:22-cv-2964-RMG (D.S.C. May 1, 2023) (Dkt. No. 29).

[43]     *See Richardson El v. Scarborough*, Case No. 2:23-cv-3198-RMG (D.S.C. Oct. 4, 2023) (Dkt. No. 1).

[44]     *See Richardson El v. Scarborough*, Case No. 2:23-cv-3198-RMG (D.S.C. Oct. 4, 2023) (Dkt. No. 6 at 5–6).

[45]     *See Richardson El v. Scarborough*, Case No. 2:23-cv-3198-RMG (D.S.C. Oct. 4, 2023) (Dkt. No. 6 at 6; Dkt. No. 9).

[46]     *See Richardson El v. Scarborough*, Case No. 2:23-cv-3198-RMG (D.S.C. Oct. 4, 2023) (Dkt. No. 6 at 7–8; Dkt. No. 9).

It is against this lengthy procedural background that Richardson now brings another federal action challenging the foreclosure and sale of her home, this time raising claims against Ditech; LoanCare; Thomas F. Marano (Ditech "executive"); Dave Worrall (Ditech "executive"); Judge Scarborough; and Judge Price (collectively, "Defendants"), stating that these "loan servicing entities and foreclosure actors . . . knowingly concealed material facts, failed to provide proper notice, and disregarded Plaintiff's medical and cognitive condition at the time of judgment." (Dkt. No. 1 at 3, 5.) More specifically, Richardson claims that "Countrywide, and its successors, failed to provide clear and timely disclosures of loan terms, including variable rates, fees, and her rights under federal law" in violation of the Truth in Lending Act ("TILA"). (*Id.* at 5.) She also claims that the apparent "servicing and modification requests made by her and her representatives were mishandled, ignored, or fraudulently concealed, in violation of the Real Estate Settlement Procedures Act" ("RESPA"). (*Id.*) Finally, Richardson claims that Defendants violated her due process and equal protection rights under 42 U.S.C. § 1983, in part, by "conduct[ing] a foreclosure proceeding without notice" and "violating [her] right to be heard." (*Id.* at 3–4.)

With respect to relief, Plaintiff believes she is entitled to "a constructive trust over the subject [P]roperty, or over proceeds from any sale" and/or "restitution for [the] unjust deprivation." (*Id.* at 5.) She also requests that the Court "[e]njoin any further foreclosure, eviction, or enforcement efforts with respect to the subject [P]roperty," "[d]eclare that the foreclosure sale was unlawful and that [she] holds an equitable or constructive interest in the proceeds thereof," and award damages "for physical and emotional hardship, trauma, displacement, and long-term medical consequences." (*Id.* at 5–6.)

## STANDARD OF REVIEW

The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses, the court must dismiss any complaints, or portions of complaints, that are frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous if it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). Thus, a claim based on a "meritless legal theory" or "baseless" factual contentions may be dismissed *sua sponte* at any time under § 1915(e)(2)(B). *Neitzke v. Williams*, 490 U.S. 319, 324–25, 327–28 (1989). The United States Supreme Court has explained that the statute "is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits." *Id.* at 326.

As to failure to state a claim, a complaint filed in federal court must contain "a short and plain statement of the claim showing that the pleader is entitled to relief" as required under Rule 8(a)(2) of the Federal Rules of Civil Procedure. To satisfy this standard, a plaintiff must do more than make conclusory statements. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that the court need not accept as true a complaint's legal conclusions). Rather, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *See id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This plausibility determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. When "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations," *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984), the complaint fails to state a claim.

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is therefore charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure to allege facts that set forth a cognizable claim under Rule 8(a)(2). *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990); *see also Iqbal*, 556 U.S. at 684 (outlining pleading requirements under Rule 8, Fed. R. Civ. P., for "all civil actions"). The Fourth Circuit has explained that "though *pro se* litigants cannot, of course, be expected to frame legal issues with the clarity and precision ideally evident in the work of those trained in law, neither can district courts be required to conjure up and decide issues never fairly presented to them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1276 (4th Cir. 1985).

## **DISCUSSION**

### I.  ***Rooker-Feldman* Doctrine**

Like many of her prior actions, the instant case reflects another unsuccessful attempt by Richardson to undo the state court's judgment of foreclosure against her home. Thus, as a threshold matter, Richardson's claims are once again barred under the *Rooker-Feldman* doctrine, *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) and *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983), which states that a party losing in state court is precluded "from seeking what in substance would be appellate review of the state judgment in a United States district court." *See Am. Reliable Insurc. Co. v. Stillwell*, 336 F.3d 311, 316 (4th Cir. 2003) (citing *Johnson v. De Grandy*, 512 U.S. 997, 1005–06 (1994)); *see also Washington v. Wilmore*, 407 F.3d 274, 279 (4th Cir. 2005) (explaining that the doctrine "preserves federalism by ensuring respect for the finality of state court

11

judgments" and "preserves the separation of powers by ensuring that . . . review of state court judgments is conducted only by the United States Supreme Court"). This general rule "extends not only to issues actually decided by a state court but also to those that are 'inextricably intertwined with questions ruled upon by a state court.'" *See Boyd v. Simmons*, No. 6:18-cv-576-BHH-JDA, 2018 WL 4999804, at *2 (D.S.C. Mar. 14, 2018), *adopted*, 2018 WL 4356579 (D.S.C. Sept. 13, 2018) (referencing *Plyler v. Moore*, 129 F.3d 728, 731 (4th Cir. 1997)). An issue is "inextricably intertwined" with a state court decision "if in order to grant the federal plaintiff the relief sought, the federal court must determine that the state court judgment was erroneously entered or must take action that would render the judgment ineffectual." *Jordahl v. Democratic Party of Virginia*, 122 F.3d 192, 202 (4th Cir. 1997); *see also Washington*, 407 F.3d at 279 ("The inextricably intertwined prong of the doctrine bars a claim that was not actually decided by the state court but where success on the federal claim depends upon a determination that the state court wrongly decided the issues before it.") (internal quotation marks and citations omitted).

"[C]laims requesting federal district court review of a state court's . . . foreclosure proceedings" are generally barred under the *Rooker-Feldman* doctrine. *See Boyd*, 2018 WL 4999804, at *3; *see also Sluder v. Nationstar Mortg., LLC*, No. 4:16-cv-3199-BHH-TER, 2017 WL 3530521, at *3 (D.S.C. July 25, 2017), *adopted*, 2017 WL 3500349 (D.S.C. Aug. 15, 2017) ("Numerous federal courts have relied on *Rooker-Feldman* to bar claims raised by individuals seeking in some fashion to avoid a judgment of foreclosure issued by a state court."). Such is the case here, as Richardson explicitly asks this Court to "[e]njoin any further foreclosure, eviction, or enforcement efforts," award her a "constructive trust over the [P]roperty," "vest equitable title in her," and grant monetary damages for the harm caused by the foreclosure. (Dkt. No. 1 at 5–6.) Regardless of how Richardson frames her claims, this relief, on its face, would require the Court

to review and reject Judge Scarborough's Order and Judgment of Foreclosure and Sale and the various judicial determinations on which it rests.[47]

This is precisely the type of impermissible "appellate review" barred under the *Rooker-Feldman* doctrine. *See, e.g.*, *Hardwick v. Lewis*, No. 5:23-cv-504-BO, 2024 WL 4500706, at *2 (E.D.N.C. Mar. 28, 2024), *adopted*, 2024 WL 4100491 (E.D.N.C. Sept. 6, 2024) (finding claims of lack of due process and predatory lending barred under the *Rooker-Feldman* doctrine because "[j]urisdiction to review [state foreclosure] decisions lies with superior state courts and, ultimately, the United States Supreme Court"); *McNeill v. North Carolina*, No. 5:23-cv-3-FL, 2023 WL 3956802, at *3 (E.D.N.C. June 12, 2023) (finding that *Rooker-Feldman* doctrine barred claims of misrepresentation and fraud under the Due Process Clause because consideration of those claims would require the court to "review and reject or affirm decisions made in the foreclosure proceeding in state court"); *Davis v. Freedom Mortg. Corp.*, No. 1:22-cv-342-ADC, 2022 WL 2835705, at *4 (D. Md. July 20, 2022) (applying *Rooker-Feldman* to claims that relied "on the premise that the underlying foreclosure sale and award of possession were improper," including allegations of false claims to the state court and violations of RESPA); *Wilkie v. Nationstar Mortg. LLC*, No. 1:19-cv-52-MR-WCM, 2019 WL 5021277, at *5 (W.D.N.C. Oct. 8, 2019), *aff'd*, 801 F. App'x 145 (4th Cir. 2020) (finding that, "[w]hile couched in terms of claims for fraud," plaintiff's

---

[47]     Such relief is also largely precluded under the Anti-Injunction Act, 28 U.S.C. § 2283, which imposes on federal courts "an absolute prohibition against any injunction of any state-court proceedings, unless the injunction falls within one of the three specifically defined exceptions," none of which are present here. *Vendo Co. v. Lektro-Vend Corp.*, 433 U.S. 623, 630 (1977); *see also* 28 U.S.C. § 2283 (prohibiting a federal court from issuing an injunction to stay the proceedings in a state court "except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments"). Because Richardson's requests for declaratory and injunctive relief would "inherently encroach" on the state court's foreclosure proceedings, this Court cannot grant any such relief under the Anti-Injunction Act. *Williams v. Cohn*, No. 8:16-cv-2886-PX, 2016 WL 4415058, at *2 (D. Md. Aug. 19, 2016); *see also, e.g.*, *Bryant v. Selective Portfolio Servicing, Inc.*, No. 1:25-cv-1203-BAH, 2025 WL 1191810, at *2 (D. Md. Apr. 24, 2025) (denying request for injunction seeking "full halt of all foreclosure enforcement" pursuant to the Anti-Injunction Act); *Dooly v. Sears*, No. 8:22-cv-1734-DCC-JDA, 2022 WL 17668439, at *5 (D.S.C. July 20, 2022) (finding plaintiff's request "to prevent the sale of his land in a foreclosure sale" precluded under the Anti-Injunction Act).

complaint was "an attempt to challenge the validity of the foreclosure proceedings initiated against him and the judgment entered therein," and was therefore barred under *Rooker-Feldman*); *Baxter v. Brock & Scott PLLC*, No. 3:14-cv-165-FDW, 2014 WL 2861800, at *2 (W.D.N.C. June 24, 2014) ("This Court has also held that TILA and RESPA claims arising from foreclosure orders in state court are barred by *Rooker–Feldman*."). Nevertheless, even if Richardson's claims are not barred under *Rooker-Feldman*, the undersigned finds that the Complaint is still subject to summary dismissal for the reasons discussed below.

## II.    Truth in Lending Act

First, TILA "assure[s] a meaningful disclosure of credit terms so that the consumer [can] compare more readily the various credit terms available to him and avoid the uninformed use of credit." 15 U.S.C. § 1601(a). "To achieve this purpose, TILA requires creditors who engage in closed-end consumer credit transactions to disclose a long list of items before the credit is extended." *Shelton v. Marshall*, 724 F. Supp. 3d 532, 543 (W.D. Va. 2024) (internal quotation marks and citations omitted); *see also* 15 U.S.C. § 1638. Although Richardson does not provide many substantive facts in support of her TILA claim, she appears to be challenging the nondisclosure of certain "loan terms" in her initial agreement with Countrywide—specifically, "variable rates, fees, and her rights under federal law." (Dkt. No. 1 at 5.)

If a creditor violates TILA's disclosure requirement, a borrower may seek monetary damages by filing suit "within one year from the date of the occurrence of the violation."[48] 15 U.S.C. § 1640(e). The "date of the occurrence of the violation is the date on which the borrower

---

[48]    A federal court may *sua sponte* dismiss a complaint under the applicable statute of limitations "when such a defense plainly appears on the face of . . . a complaint filed *in forma pauperis* pursuant to 28 U.S.C. § 1915." *Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 655 (4th Cir. 2006) (internal citations omitted); *see also Brown v. S.C. Dep't of Prob., Parole & Pardon Servs.*, No. 2:23-cv-1808-RMG-TER, 2023 WL 4034602, at *2 (D.S.C. May 10, 2023), *adopted*, 2023 WL 4034451 (D.S.C. June 15, 2023) (referencing *Harriot v. United States*, 795 F. App'x 215, 216 (4th Cir. 2020) ("A federal court may *sua sponte* dismiss a complaint as barred by the statute of limitations on initial review pursuant to 28 U.S.C. § 1915 (2018).")).

accepts the creditor's extension of credit." *Strickland-Lucas v. Citibank, N.A.*, 256 F. Supp. 3d 616, 627 (D. Md. 2017) (internal quotation marks and citations omitted). Notably, the fact that the violation continues after the credit is extended does not toll or otherwise extend the limitations period. *Fowose v. Bank of Am., N.A.*, No. 1:22-cv-2784-MJM, 2024 WL 2955824, at *6 (D. Md. June 12, 2024). Here, the alleged TILA violation occurred in August 2003, when Richardson allegedly executed the Note and Countrywide purportedly failed to disclose information about that loan to Richardson. (Dkt. No. 1 at 3.) However, Plaintiff did not bring this TILA claim until July 21, 2025, over twenty years later.

While Richardson seems to suggest that the statute of limitations should be tolled based on fraudulent concealment by Defendants and her medical troubles (*i.e.*, "cognitive impairment due to chronic brain trauma") (Dkt. No. 1 at 4), it is clear from the face of the pleadings that, at the very latest, Richardson learned of Countrywide's purported fraud during the state foreclosure proceedings. Indeed, by Richardson's own admission, she discovered the "foreclosure judgment" in January 2018, "when she physically observed related documents. Accordingly, any statute of limitations period began no earlier than this point." (*Id.*) The undersigned also notes that Richardson plainly had the cognitive capacity to bring a claim under TILA by October 13, 2021, when she raised the statutory violation in her "Complaint for Void or Voidable Contract" in state court.[49] *See Roach v. Option One Mortg. Corp.*, 598 F. Supp. 2d 741, 754 (E.D. Va.), *aff'd*, 332 F. App'x 113 (4th Cir. 2009) (explaining that "any tolling triggered by fraudulent concealment continues only until plaintiff discovered the fraud or, by the exercise of reasonable diligence,

---

[49]    *See* Supplemental Order to Master's Order/Judgment of Foreclosure, *Ditech Financial, LLC v. Richardson*, Case No. 2017-CP-10-4109.

should have discovered the fraud"). Therefore, Richardson's TILA claim is untimely and subject to summary dismissal.[50]

## III.    Real Estate Settlement Procedures Act

RESPA "provides that loan servicers have a duty to respond to any [qualified written request] received from borrowers 'for information relating to the servicing of the loan.'" *See Morgan v. Caliber Home Loans, Inc.*, 26 F.4th 643, 648 (4th Cir. 2022) (citing 12 U.S.C. § 2605(e)); *see also* 12 C.F.R. § 1024.35(a) (explaining that a servicer must comply with the requirements of this section for any written notice from the borrower that asserts an error relating to the servicing of the borrower's mortgage loan); *Cole v. Fed. Nat'l Mortg. Ass'n*, No. 8:15-cv-3960-GJH, 2017 WL 623465, at *6 (D. Md. Feb. 14, 2017) ("[RESPA] imposes a duty on loan servicers to respond to borrower inquiries and take certain actions with respect to such inquiries. Borrower inquiries triggering these duties are known as 'qualified written requests' or QWRs.").

Here, the Complaint simply states that Richardson's "servicing and modification requests" were "mishandled, ignored, or fraudulently concealed." (Dkt. No. 1 at 5.) Although the Court

---

[50]    It is also worth noting that Richardson's TILA claim—as well as those claims discussed below—is likely barred by the doctrine of *res judicata*, also known as claim preclusion, which prevents "a party from relitigating a claim that was decided or could have been decided in an original suit." *Laurel Sand & Gravel, Inc. v. Wilson*, 519 F.3d 156, 161 (4th Cir. 2008); *see also Holmes v. Granuaile, LLC*, No. 2:20-cv-1748-RMG-MHC, 2024 WL 3722624, at *3 (D.S.C. July 17, 2024), *adopted*, 2024 WL 3718105 (D.S.C. Aug. 8, 2024), *aff'd*, No. 24-1868, 2025 WL 800218 (4th Cir. Mar. 13, 2025) ("[A] court may *sua sponte* raise the issue of *res judicata* in special circumstances where the previous action was litigated in the same district court, or where all relevant data and legal records are before the court and judicial economy will be served by invoking *res judicata sua sponte*."). "It operates as a bar to a later-filed action 'by the same parties when the claims arise out of the same transaction or occurrence that was the subject of a prior action between those parties.'" *See Grant v. Peter Wolf & Assocs. PC*, No. 9:22-cv-4262-DCN-KDW, 2023 WL 6645027, at *12 (D.S.C. July 31, 2023), *adopted*, 2023 WL 6307404 (D.S.C. Sept. 28, 2023) (citing *Plum Creek Development Co., Inc. v. City of Conway*, 512 S.E.2d 106, 108–09, 334 S.C. 30 (1999)).

Richardson has brought several previous federal actions against Defendants in relation to the foreclosure of her home. *See Richardson El v. Anderson*, Case No. 2:18-cv-486-PMD (D.S.C. April 9, 2018); *Richardson El v. Hutchens Law Firm*, Case No. 2:22-cv-2964-RMG (D.S.C. May 1, 2023); and *Richardson El v. Scarborough*, Case No. 2:23-cv-3198-RMG (D.S.C. Oct. 4, 2023). Because she could have litigated her current federal claims against Defendants in these prior lawsuits, she cannot bring them here. *See Meekins v. United Transp. Union*, 946 F.2d 1054, 1057 (4th Cir. 1991) ("The preclusive affect of a prior judgment extends beyond claims or defenses actually presented in previous litigation, for not only does *res judicata* bar claims that were raised and fully litigated, it prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding.") (internal quotation marks and citations omitted).

cannot discern from this cursory allegation whether Richardson submitted a legitimate "qualified written request" for purposes of RESPA,[51] any arguable violations would be subject to the applicable statute of limitations in any event. "Any action pursuant to the provisions of section 2605 . . . of this title may be brought in the United States district court or in any other court of competent jurisdiction, for the district in which the property involved is located, or where the violation is alleged to have occurred, within 3 years. . . ." 12 U.S.C. § 2614. Once again, the undersigned emphasizes that Richardson had the cognitive capacity to bring a claim under RESPA—at the very latest—by October 13, 2021, when she raised the purported statutory violation in her "Complaint for Void or Voidable Contract" in state court—over four years prior to bringing this case.[52] Accordingly, any RESPA violations are untimely and subject to summary dismissal.

## IV.   42 U.S.C. § 1983

Finally, 42 U.S.C. § 1983 "creates a private right of action to vindicate violations of rights, privileges, or immunities secured by the Constitution and laws of the United States." *Rehberg v. Paulk*, 566 U.S. 356, 361 (2012). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that "a right secured by the Constitution and laws of the United States" was violated, and (2) that the alleged violation "was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). In this case, Richardson appears to allege that

---

[51]   Notwithstanding the vague nature of Richardson's allegation, the undersigned notes that it is well-established that "[a] mere request for information on loan modifications does not constitute a QWR." *See Sharma v. Rushmore Loan Mgmt. Servs., LLC*, 611 F. Supp. 3d 63, 80 (D. Md. 2020) (citing *Davenport v. Wells Fargo Home Mortg.*, No. 8:14-cv-2369-PJM, 2015 WL 4475467, at *2 (D. Md. July 17, 2015)); *see also Morgan v. Caliber Home Loans, Inc.*, 26 F.4th 643, 651 (4th Cir. 2022) (explaining that "[a] loan modification is a contractual issue, not a servicing matter," and therefore does not constitute a qualified written request).

[52]   *See* Supplemental Order to Master's Order/Judgment of Foreclosure, *Ditech Financial, LLC v. Richardson*, Case No. 2017-CP-10-4109.

Defendants violated her rights to due process and equal protection under the law. (Dkt. No. 1 at 4.)

To qualify as state action, the conduct in question "must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible," and "the party charged with the [conduct] must be a person who may fairly be said to be a state actor." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 936 (1982). Purely private conduct, "no matter how wrongful, injurious, fraudulent, or discriminatory," does not provide a basis for action under § 1983. *Id.* In the instant case, Defendants—other than Judges Scarborough and Price—are private individuals/entities, not state actors, and there are simply no allegations in the Complaint that would support a reasonable inference of state action in connection with the foreclosure of the Property. *See Parker v. Spencer*, No. 4:13-cv-430-RBH, 2015 WL 3870277, at *11 (D.S.C. June 23, 2015) (finding no state action where plaintiffs' allegations of wrongdoing against private mortgage lender were based on pursuit of state foreclosure action); *El v. Ivey*, No. 5:19-cv-302-FL, 2020 WL 1488560, at *3 (E.D.N.C. Feb. 2, 2020), *adopted*, 2020 WL 1492810 (E.D.N.C. Mar. 26, 2020) (finding no state action where plaintiff conclusively alleged that mortgage lenders had fraudulently pursued property-related lawsuits against her).

With respect to Judges Scarborough and Price, it is well-settled that judges are absolutely immune from civil suit for actions taken in their judicial capacity. *See, e.g.*, *Mireless v. Waco*, 502 U.S. 9, 11–12 (1991); *Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir. 1985). Even if a decision is erroneous or improper, judges are not thereby deprived of immunity. *See Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978) ("A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'") (internal citation

18

omitted). Moreover, absolute judicial immunity is a protection from suit, not just from damages. *Mireless*, 502 U.S. at 11; *see also Lepelletier v. Tran*, 633 F. App'x 126, 127 (4th Cir. 2016).

Masters-in-Equity, like Judge Scarborough, fall within South Carolina's unified judicial system and "exercise all power and authority which a circuit judge sitting without a jury would have in a similar matter." S.C.R.C.P. 53(c); *see also Holmes v. Becker*, No. 2:17-cv-2949-BHH, 2019 WL 1416875, at *5 (D.S.C. Mar. 29, 2019), *aff'd*, 785 F. App'x 183 (4th Cir. 2019), *cert. denied*, 141 S. Ct. 959 (2020). While Richardson seems to contend that Judge Scarborough's actions were taken "in clear absence of jurisdiction" and in an "administrative" or "extrajudicial" capacity (Dkt. No. 1 at 4), all of Richardson's allegations against him are part and parcel of his judicial role as the Master-In-Equity presiding over her foreclosure proceedings. To that end, Richardson's claims against Judge Scarborough are barred under the doctrine of absolute judicial immunity.

With respect to Judge Price, the Complaint states that he "dismissed Plaintiff's equitable claims despite being informed of her disability and the lack of due process in the prior proceedings. His dismissal ignored binding legal protections and contributed to the continuing deprivation of her home and rights." (Dkt. No. 1 at 3.) Richardson seems to suggest that Judge Price is not entitled to judicial immunity for these actions because he is no longer a sitting judge. (*Id.* at 4.) Contrary to Richardson's contention, however, the judicial decisions issued by Judge Price during his time on the bench—including the decision to dismiss Richardson's action against Ditech and LoanCare—remain protected under the doctrine of absolute judicial immunity. To hold that his retirement now destroys such protections would render the doctrine of judicial immunity meaningless in the first instance. Accordingly, Richardson's claims against Judge Price are also subject to summary dismissal.

## **CONCLUSION**

Based on the above, the undersigned is of the opinion that Richardson cannot cure the defects identified above by amending her Complaint and therefore **RECOMMENDS** that this action be summarily **DISMISSED** without leave to amend the pleading.

**IT IS SO RECOMMENDED.**

_____
MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

December 9, 2025
Charleston, South Carolina

**The parties' attention is directed to an important notice on the following page.**

### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).