IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Vanessa Richardson,<br><br>            Plaintiff,<br>   v.<br><br>Ditech Financial, LLC, *et al.*,<br><br>            Defendants. | Case No. 2:25-7922-RMG<br><br>**ORDER AND OPINION** |

This matter is before the Court on the Report and Recommendation ("R&R") of the Magistrate Judge (Dkt. No. 12) recommending that this action be dismissed without leave to amend. For the reasons below, the Court dismisses this action without leave to amend.

**I.    Background**

As detailed at length in the R&R, Plaintiff challenges a foreclosure on her home that effectively ended on September 6, 2022. (Dkt. No. 12 at 1-6). Plaintiff has already filed various federal actions challenging the foreclosure, all of which have been dismissed. (*Id.* at 7-8).

On July 21, 2025, Plaintiff filed the instant action. Plaintiff brings the action under the Truth in Lending Act, the Real Estate Settlement Procedures Act, and 42 U.S.C. § 1983. Plaintiff asks that this court "[e]njoin any further foreclosure, eviction, or enforcement efforts" and declare the "foreclosure sale . . . unlawful" and subject to an "equitable or constructive interest" or trust. (Dkt. No. 1 at 5-6). Plaintiff also challenges the judicial acts of certain judges involved in state court litigation concerning the loan. (*Id.* at 3).

On December 9, 2025, the Magistrate Judge filed a detailed, 21-page R&R recommending *inter alia*, that the action be dismissed because the relief it seeks violates the *Rooker-Feldman* doctrine and the Court lacks jurisdiction. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923);

1

*D.C. Court of Appeals v. Feldman*, 460 U.S. 462, (1983). In the alternative, the R&R proposed further reasons for why Plaintiff's allegations fail to state a claim. Plaintiff filed objections to the R&R. (Dkt. No. 14).

II. **Legal Standards**

    A. **Magistrate's Report and Recommendation**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

    B. **Pro Se Pleadings**

This Court liberally construes complaints filed by pro se litigants to allow the development of a potentially meritorious case. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a viable federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. *See Weller v. Dep't of Social Services*, 901 F.2d 387 (4th Cir. 1990).

III. **Discussion**

After a de novo review of the record, the Court finds that the Magistrate Judge ably summarized the factual and legal issues in this matter and correctly concluded that the *Rooker-Feldman* doctrines bar this action. (Dkt. No. 12 at 11-14).

The *Rooker-Feldman* doctrine provides that "a party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." *Johnson v. De Grandy,* 512 U.S. 997, 1005–06 (1994) (citing *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 482 (1983), and *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 416 (1923)).  Plaintiff seeks to do just what the *Rooker-Feldman* doctrines seeks to prevent.  Accordingly, her complaint must be dismissed. *See, e.g., Hardwick v. Lewis*, No. 5:23-cv-504-BO, 2024 WL 4500706, at *2 (E.D.N.C. Mar. 28, 2024), *adopted*, 2024 WL 4100491 (E.D.N.C. Sept. 6, 2024) (finding claims of lack of due process and predatory lending barred under the *Rooker-Feldman* doctrine because "[j]urisdiction to review [state foreclosure] decisions lies with superior state courts and, ultimately, the United States Supreme Court"); *Ruiz v. Nationstar Mortg. LLC*, No. 1:12-CV-272, 2013 WL 4519180, at *3 (M.D.N.C. Aug. 26, 2013) ("Plaintiff's remedy for these and the other alleged defects in the state foreclosure proceeding was to appeal through the state judicial system and then seek review in the Supreme Court of the United States. This Court lacks subject matter jurisdiction to review the state court's order."), *aff'd*, 556 F. App'x 271 (4th Cir. Feb. 25, 2014).

While Plaintiff filed numerous objections to the R&R, only a few are relevant to the R&R's finding that the *Rooker-Feldman* doctrine bars this suit, and none of these are persuasive.

First, Plaintiff argues the R&R improperly took judicial notice of "disputed facts" from state court filings. (Dkt. No. 14).  But this is incorrect.  To describe the backdrop against which Plaintiff brought this lawsuit, the R&R took judicial notice of Plaintiff's extensive state court litigation concerning the loan.  Further, in deciding that the *Rooker-Feldman* doctrine barred this lawsuit, the R&R looked at the allegations in Plaintiff's complaint.  The R&R did not decide

3

"disputed facts" based on state court filings. Plaintiff's claim on this point misrepresents the R&R's analysis to reach such a conclusion.

Second, Plaintiff argues that the R&R misstates the *Rooker-Feldman* doctrine. (Dkt. No. 14 at 5). The Court disagrees. The R&R accurately describes the doctrine. Further, Plaintiff's own briefing makes clear that Plaintiff's lawsuit runs afoul of the doctrine.

To avoid dismissal, Plaintiff on the one hand claims she is bringing "independent federal claims" related to the disputed foreclosure. (*Id.* at 5). At the same time, however, Plaintiff admits that her lawsuit *is* aimed at "*invalidating* the state judgment, [and] at holding parties accountable for extra-judicial conduct" that violated her rights. (*Id.* at 5).

At bottom, Plaintiff admits that this lawsuit aims to invalidate the underlying state court judgments which found that loan in question was valid. The R&R correctly recommend dismissing this action without leave to amend because this lawsuits violates the *Rooker-Feldman* doctrine, which deprives this Court of jurisdiction.[1] *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280, 284 (2005) (The *Rooker—Feldman* doctrine precludes lower federal courts from considering "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.").

---

[1] Besides dismissing Plaintiff's complaint on *Rooker-Feldman* grounds, the Magistrate Judge indicated alternative means for dismissing Plaintiff's claims under the Truth in Lending Act, the Real Estate Settlement Procedures Act, and § 1983. Plaintiff filed objections to these parts of the R&R as well. But because the Court finds that the *Rooker-Feldman* doctrine bars this lawsuit, the Court declines to address those additional bases in the R&R or Plaintiff's objections to the same. The Court notes in passing, however, that the R&R's alternative bases for dismissing this lawsuit are correct and that Plaintiff's objections to the same are unpersuasive.

**Conclusion**

For the reasons set forth above, the Court **ADOPTS** the R&R (Dkt. No. 12) as the Order of the Court and **DISMISSES** this action without leave to amend.

**AND IT IS SO ORDERED.**

                                        s/ Richard Mark Gergel
                                        Richard Mark Gergel
                                        United States District Judge

December 16, 2025
Charleston, South Carolina